EDWIN L. LOBDELL

*v.*

THE STATE BANK OF NAUVOO.

*Opinion filed June 17, 1899.*

1. FRAUD—*taking outside security for deficiency before consenting to pro rata arrangement is not fraud.* A creditor who refuses to enter into an arrangement, previously agreed to by all other creditors, to accept certain real estate of the debtor as full payment of all their demands until he has obtained a bond from the debtor, with outside security, for any deficiency on his claim, is not guilty of such fraud as bars his enforcement of the trust in equity, although the other creditors were ignorant of his bond.

2. INSOLVENCY—*when creditor is entitled to a decree establishing trust and to accounting from trustee.* Where all creditors but one agree to the formation of a land association as the best method of disposing of the debtor's real estate, conveyed in trust for their benefit by unanimous consent, and the trustee ignores the original trust and accounts to the executive committee of the land association for receipts and disbursements and makes dividends under the articles of the association, the creditor so refusing to join is entitled to have the original trust established in equity, as agreed to by all, and to an accounting from the trustee.

*State Bank of Nauvoo v. Lobdell*, 78 Ill. App. 600, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

ULLMANN & HACKER, for appellant.

SCOFIELD, O'HARRA & SCOFIELD, and WHEELER & SILBER, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellee brought its bill in equity in the circuit court of Cook county against appellant and others to establish and enforce a trust, and for an accounting, and for other relief. The court dismissed the bill, on the hearing, for want of equity, but on appeal the Appellate Court re-

versed the decree and remanded the cause, with direc-
tions to the trial court to enter a decree establishing the
trust and for an accounting.  The case is here for review
on the appeal of Lobdell, the trustee.

The evidence established these facts:  That in 1893
T. W. Harvey and the T. W. Harvey Lumber Company
were indebted to Lobdell, the appellant, and to the ap-
pellee and other creditors, upwards of $100,000, and to
secure the same made or caused to be made to Lobdell
several conveyances of real estate subject to encum-
brances.  Lobdell accepted the trust for all the creditors.
On further negotiation it was proposed by Harvey and
assented to by all the creditors except appellee, that the
creditors should take in payment for their demands all
of the property so conveyed except Harvey's residence,
which should be conveyed to his wife, subject to an en-
cumbrance of $40,000.   Appellee would not consent, but
recommended that the trustee, Lobdell, foreclose the cred-
itors' lien.   This was not done, and Harvey entered into
negotiations with appellee to induce it to agree with the
other creditors in the acceptance of his proposition.  The
result was that Harvey gave his secured bond to appellee
to pay to it any deficiency which might be left after the
sale of the trust property in Lobdell's hands and the dis-
tribution of the proceeds.   This arrangement between
appellee and Harvey was not known to Lobdell or to the
other creditors, but after it was consummated appellee
withdrew its opposition and consented to the proposed
settlement, and it was thereupon carried into effect.  Af-
terward, in January, 1894, a meeting of the creditors was
held to formulate a plan for the management and disposal
of the property, and pursuant to a scheme proposed by
some of the creditors it was agreed by all except appellee
that a land association be formed to take the place of the
trust previously created.   Appellee's cashier attended
this meeting, but, acting upon instructions of appellee's
board of directors, refused to execute, on behalf of ap-

pellee, the articles of association or to become a party to the new trust sought to be created. Notwithstanding appellee's refusal it seems that all subsequent dealings with the property were through the association, and appellee and Harvey entered into another agreement whereby Harvey was to purchase appellee's interest in the trust property and pay for it in installments of $200 per month, but after making a few payments Harvey defaulted and the contract of sale was abandoned. Lobdell refusing to recognize the original trust as still existing, but insisting that appellee had or should become a party to the land association, appellee filed its bill, as before stated, to establish the trust and for other relief.

Three defenses to the bill were interposed, which are insisted on here by Lobdell and are stated in his brief, in substance as follows: First, that the bill was properly dismissed because appellee did not come into court with clean hands; second, that appellee is equitably estopped from denying that it is a member of the land association; and third, that no accounting is necessary.

In support of the first proposition appellant insists that the appellee's secret agreement with Harvey, under which appellee accepted the bond securing payment to it of any balance of its debt which should remain after the trust fund was exhausted, was a fraud upon the other creditors and precludes appellee from any relief under its bill, and *Hefter* v. *Cahn*, 73 Ill. 296, is cited as sustaining this contention. We are of the opinion that the case cited does not sustain appellant's view, and that his contention cannot be sustained upon any principle of equity. Appellee had the right to refuse to accept anything less than full payment, and to refuse to become a party to the contract, already agreed to by the other creditors and Harvey, to accept certain real estate in full payment and release other real estate to Harvey, or to his wife, and cancel his indebtedness to it. Harvey was anxious to make this settlement. Presumably it was to his interest

to make it. Without in any way diminishing the trust fund or causing the other creditors any loss, Harvey, by a bond signed by his father-in-law, secured to appellee the payment of any balance of his debt which, as before stated, should remain unpaid, and thereupon appellee entered into the original agreement which the other creditors had before vainly endeavored to induce it to become a party to. Neither Lobdell nor any other creditor was injured by the giving of this bond, nor was their action influenced by it in any way. They had acted previously and had notice of the appellee's refusal to join them. Whether appellee and Harvey revealed or concealed the arrangement between themselves was, under the circumstances, a matter of no importance. A mere casual examination of *Hefter* v. *Cahn, supra,* will show that the two cases are in principle wholly unlike. The case here might have been different had the appellee secured payment in full, and then, concealing this fact, induced other creditors to join in the trust scheme for a supposed equal or *pro rata* division. But no element of that kind entered into the case. Appellee did nothing more than to lawfully obtain outside security for the balance of its debt without injury to the other creditors, and then, at their solicitation, entered into the agreement to take, sell and distribute *pro rata* the property which these creditors, including Lobdell, had urged it to agree to take. It would be a misapplication of the principle contended for to hold that such action constituted a bar to all relief upon the prayer of the complainant. It is conceded that appellee did not forfeit its interest in the trust property, nor does appellant or any creditor seek a rescission of the contract, but while admitting appellee's interest in the trust property, and while insisting on the contract between the creditors and Harvey, (and the disposal of the property thus obtained through the land association,) the novel position is assumed that while appellee is possessed of valuable rights in the trust property it has no standing

in court to assert or protect such rights.   We cannot
so hold.

Nor, under the second contention, can it be held, upon
the evidence, that appellee became a member of the land
association, whereby it was attempted to supersede the
original trust.   The articles of association provided for
their due execution under seal by the several creditors,
and the name of any creditor which was a corporation
was required to be affixed by its officer, duly authorized
by its board of directors.   It is not pretended that ap-
pellee's name was affixed to these articles, or that they
were signed in any way for or on behalf of appellee or
by any of its officers or agents, but only that appellee
was estopped to deny that it had become a member.   It
is unnecessary to rehearse here the evidence on which
this contention is based.   It is stated at some length in
the opinion of the Appellate Court, but it is sufficient here
to state that it is wholly insufficient to raise an equitable
estoppel against appellee.   So far from acquiescing in
the formation of this association, or taking any action
under or in accordance with it, or inducing other cred-
itors or the trustee to do so, appellee at all proper times
opposed it, and refused to accept its certificates or to
recognize it.

It is said in the third proposition that no accounting
was or is necessary.   We are of a different opinion.   The
trustee admits that he had accounted to the executive
committee of the association and made full reports to
such committee of his receipts and disbursements and has
made dividends under the articles of association, but that
appellee has always refused to accept such dividends.
The making of disbursements and dividends according
to the articles of association instead of pursuing the
original trust was, at least as to appellee, a misappli-
cation of trust funds, of which, at any rate so far as it
operated to its detriment, it could complain, and, al-
though the perfect good faith of appellant as trustee is

not questioned, appellee not only has a right to have a decree establishing the trust, but also for an accounting.

The judgment of the Appellate Court is right, and must be affirmed.          *Judgment affirmed.*